FULLER, Appellant, vs. RINGLING, Respondent.

*January 12—April 7, 1925.*

*Real-estate brokers: Entire contract: Sale of part of lands by owner: Sale of remainder by broker: Right to commission.*

1. On appeal from a judgment notwithstanding the verdict, facts found by the verdict must be treated as verities.  p. 473.
2. The question whether a contract is entire may arise in connection (1) with the sufficiency of a consideration to support two or more covenants; (2) with the effect of an illegal covenant upon the valid covenants; (3) with the statute of frauds upon a contract some of whose covenants are within the statute; (4) with an attempt to affirm part of a voidable contract and ratify the rest; (5) with questions of performance where certain covenants have been substantially performed and others have not; and (6) with the effect of a judgment upon certain covenants as merging the remaining covenants.  p. 474.
3. A real-estate broker, procuring a purchaser for the principal part of the realty described in a non-exclusive option with the aid of another broker, employed with the owner's knowledge, is entitled to a commission, though performance of the entire contract was rendered impossible by the owner's sale of part of the property, where she did not disclose such fact to either broker and continued to accept performance as to the remainder.  p. 475.

APPEAL from a judgment of the circuit court for Sauk county: E. W. CROSBY, Judge.  *Reversed, with directions.*

Action by real-estate broker to recover commission.  Two causes of action were pleaded, one upon express contract and one in *quantum meruit.*  On December 21, 1921, the plaintiff and defendant entered into a written contract, the material parts of which are as follows:

"Said party of the first part [defendant] has employed and hereby doth employ the said party of the second part to sell . . . her Morris Hotel and south end of Mirror Lake resorts at $140,000.

"Said party of the second part [plaintiff] hereby agrees to use his best endeavors to procure a purchaser and sell said

premises on the terms mentioned, or terms satisfactory to party of the first part."

The plaintiff was to receive five per cent. of the list price for his services. There were the usual clauses in regard to furnishing of abstract and proving of title, and in case the property was sold by others than plaintiff during the life of the contract the plaintiff was to receive his commission if the purchaser "has been interested through efforts of second party." The contract was to terminate six months after date.

As originally drawn the contract had the word "exclusive," but by a stipulation of the parties it was agreed that the word should be stricken out, so that the contract sued upon was substantially the contract as stated.

The plaintiff immediately proceeded to perform his contract. At first it was proposed to exchange the property for income-bearing property, but after some efforts in that direction that plan was abandoned and the plaintiff concentrated his efforts in procuring the exchange of defendant's property for farm lands. The defendant was a woman seventy years of age and had had considerable experience in business matters. She was assisted by her agent, W. H. Prielipp. It appears without substantial dispute that shortly after the making of the contract between the plaintiff and the defendant, the plaintiff interested one Charles W. Hood, who was to work with plaintiff on the same basis that they had worked in other similar matters. In February, 1921, the plaintiff and the defendant had some differences, as a result of which the defendant told the plaintiff that she did not want to have anything more to do with him. Thereafter the negotiations with the defendant were carried on mainly through Hood. It appears that Hood went to the premises of the defendant, did not disclose to her that he was acting in connection with the plaintiff, and undertook to make a sale of the premises by arrangement directly with the de-

fendant. Negotiations had proceeded to a point where Hood, Prielipp, and the defendant made a trip to Illinois to inspect the property which had been offered in exchange for the hotel. There were two subsequent trips to Illinois, and an exchange was finally agreed upon for a farm near Crystal Lake and the deal was closed June 17, 1922. In the exchange the Fern Dell property, described in the contract as "the south end of Mirror Lake resorts," was not included. In the exchange the Crystal Lake property received by the defendant was valued at $155,000. The deal having been consummated, the plaintiff demanded payment of his commission from the defendant. The demand was refused and this action was begun upon the contract to recover the agreed amount of the commission. The case was tried to court and jury. The court found upon the undisputed evidence that the contract as set out in the statement of facts was entered into between plaintiff and defendant; that plaintiff procured a purchaser who was ready, willing, and able to buy upon terms acceptable and satisfactory to the defendant; that the plaintiff was the procuring cause of the exchange; and the jury found that there was an agreement between *Fuller* and Hood that Hood would work with *Fuller* in attempting to dispose of the property in question and that the defendant and her agent, Prielipp, knew that Hood was acting with *Fuller* in attempting to dispose of the property. Plaintiff moved for judgment upon the verdict. The defendant moved for judgment upon the verdict and for judgment notwithstanding the verdict, and, in the event that the first and second motions were denied, that the verdict be set aside and a new trial be granted. The court was of the opinion that the contract was an entire one; that the "south end of Mirror Lake resorts" was not included in the exchange, and the procuring of a purchaser for a part of the property was not a performance of the contract; that, the contract being entire, it could not be apportioned, and gave judgment for the defendant dismissing the complaint not-

withstanding the verdict. Thereafter there was a motion on behalf of the plaintiff to vacate the judgment. Upon this motion it appears that on or about April 27, 1922, the defendant, through H. R. Bement, a real-estate broker, had sold and disposed of the "south end of Mirror Lake resorts," being the property described in the contract between plaintiff and defendant; and it further appeared that knowledge of such sale was withheld from plaintiff, who continued his efforts to make a sale of the entire property. There was a hearing and argument upon the motion, and the court, being of opinion that he was without power to change the decision already made in the case, denied all of the plaintiff's motions, and affirmed the order directing judgment dismissing the plaintiff's complaint notwithstanding the verdict. Judgment was entered accordingly, from which the plaintiff appeals.

For the appellant there were briefs by *Frank R. Bentley* of Baraboo and *Grady, Farnsworth & Walker* of Portage, and oral argument by *Mr. Daniel H. Grady* and *Mr. Bentley*.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *Norman H. Quale*.

ROSENBERRY, J. It is to be noted that the court did not set aside the verdict but granted defendant's motion for judgment notwithstanding the verdict therefor. Upon the disposition of the questions raised on this appeal the facts found by the verdict must be treated as verities. The first proposition urged by the defendant in support of the verdict is that the contract was an entire one; that the plaintiff, not having procured a sale of the "south end of Mirror Lake resorts," was entitled to no compensation, and the defendant further argues that the fact that one of the parcels (and we must assume, from the price, the principal part of the property involved) was disposed of at terms satisfactory to the defendant, at a trade valuation of $15,000 in excess of that

fixed by the contract with the plaintiff, does not show substantial performance of the contract. The court adopted this argument of the defendant, and if in so doing the court was in error the judgment must be reversed. It is not sufficient to say that the contract is entire. The question of whether or not a contract is entire may arise in one of several ways: (1) as to the sufficiency of a consideration on the one side to support two or more covenants on the other; (2) in connection with the effect of an illegal covenant upon the remaining valid covenants in the contract; (3) in connection with the statute of frauds upon a contract some of whose covenants are within the scope of the statute; (4) in connection with an attempt to affirm part of a voidable contract and to ratify the rest; (5) in connection with questions of performance, in cases in which certain covenants have been performed substantially and others have not; (6) in connection with the effect of a judgment upon certain covenants as merging the remaining covenants of the contract. See 4 Page, Contracts (2d ed.) § 2084, and cases cited.

Conceding in this case that the contract as made was entire, the question arises whether the defendant has so performed it as to entitle him to recover thereon. The defendant relies mainly upon the case of *Bentley v. Edwards*, 125 Minn. 179, 146 N. W. 347. There brokers had for sale 6,000 acres of land and were to receive for their compensation all of the selling price in excess of $10 an acre. They sold 2,568 acres at $13 an acre. The brokers brought suit to recover $3 per acre for the number of acres sold. The court denied the plaintiff's right of recovery. It is quite apparent from this brief statement that the amount of the brokers' commission was in that case entirely dependent upon the amount for which the entire tract sold, and, while the owner accepted the purchaser for a part of the tract, that did not excuse the performance by the brokers as to the remaining part.

But it is not necessary to indulge in any refinements re-

specting entire and indivisible contracts and partial or substantial performance in this case. The undisputed facts are as follows: The defendant entered into a contract with the plaintiff to procure a purchaser for the property described in the option. He immediately proceeded to the performance of his contract, and associated with him a broker, Hood; while negotiations were being carried on, different properties were being submitted to the defendant; the defendant, without the knowledge of the plaintiff or his agent, sold the "south end of Mirror Lake resorts" and did not disclose that fact to plaintiff or his associate; they continued their efforts to procure a purchaser and finally a purchaser was procured who took the principal part of the property, together with some personal property, at a trading price of $15,000 in excess of that named in the option. The jury found that the defendant knew that Hood was employed by the plaintiff, and it appears without dispute that the plaintiff and Hood were the procuring causes of the sale. There would appear, therefore, to be no doubt about plaintiff's right to recover; but defendant urges that, having disposed of a part of the property covered by the option, it not being an exclusive option, performance was rendered impossible by such disposition of a part of the subject matter of the contract. This is a condition of which the defendant cannot complain. As to the "south end of Mirror Lake resorts," she by her own act rendered the contract impossible of performance and continued to accept performance as to the remainder. She cannot, therefore, claim any failure to perform by reason of the fact that the plaintiff did not procure a purchaser for the south end of Mirror Lake resorts. While it is true the defendant had a right, the contract of agency not being exclusive, to sell and dispose of the property and thereby terminate the agency, the defendant did not exercise that right. She continued to permit the plaintiff to perform under the contract and to receive the benefit of his services and that of his associate with full knowledge of all the facts.

She herself testified that the deal was entirely satisfactory to her. She personally twice inspected the property she received before the deal was closed, and she and her agent, Prielipp, were actively concerned in the negotiations, the benefit of which she received without objections.

Whether we say the contract was modified by the conduct of the parties, or whether we say the defendant accepted the exchange arranged for her by the plaintiff and his associate as a full and complete performance of the contract, may be a matter of philosophical interest but not of very great practical importance. In either event she became liable on the contract.

Were it not for the fact that the plaintiff upon the trial offered to remit one half of his claim if a release were procured of any claim which Hood might have against him on account of their association, we should be of opinion that the judgment should be reversed, with directions to the trial court to enter judgment upon the verdict. In order that no injustice may be done, it is considered that the judgment should be reversed, and the cause remanded with directions to enter judgment for the plaintiff upon the verdict for the sum of $7,000 unless the defendant shall make it appear to the court that the plaintiff's associate, Hood, has no claim against him and that the plaintiff is released therefrom, and, if this result cannot be attained by agreement of the parties, Hood should be made a party to the proceeding and the fact ascertained so as to conclude all parties in interest. If it shall be made to appear either by agreement or upon a hearing that the $4,000 paid to Hood was a discharge of any sums owing to him as well from plaintiff as defendant for services rendered, then the plaintiff should have judgment for $3,500.

*By the Court.*—It is so ordered.


On April 7, 1925, a motion by the appellant to modify the mandate was denied, with $25 costs.